In the Matter of Ezra Gottlieb (Formerly Known as Esras Gottlieb), an Attorney, Respondent.

First Department, October 28, 1932.

*Einar Chrystie*, for. the petitioner.

*Lewis & Schaap* and *Leo Klugherz*, for the respondent.

Finch, P. J.   The respondent was admitted under the name of Esras Gottlieb to practice as an attorney and counselor at law in the State of New York, on June 12, 1911, at a term of the Appellate Division of the Supreme Court of the State of New York, First Department.   He has practiced as such attorney since his admission.

The petition herein charges the respondent with professional misconduct in falsely representing to the attorney for the plaintiff in a divorce action, in which the respondent represented the defendant, that he was in possession in escrow of $500 with which to pay alimony to the plaintiff, and in failing promptly to pay said sum pursuant to the terms of his agreement.

By supplemental petition, he is further charged with misconduct in signing and delivering to one Simons or his attorney on November 23, 1929, an escrow receipt containing statements that the respondent knew to be untrue, to the effect that he had in his possession the sum of $350 for the purpose of redeeming certain fur coats.

In connection with this second specification, it is also charged that the respondent was guilty of misconduct in preparing and verifying answers in an action containing allegations which the respondent knew to be untrue, namely, that $350 had been deposited with the respondent pursuant to the aforesaid escrow receipt.

The respondent answered, and the matter was referred to an

official referee to take testimony with respect to the charges and to report the same to this court with his opinion thereon.

The learned referee has duly reported, finding the respondent guilty under the first specification, also under the second subdivision of the second specification, but finding him not guilty of the first subdivision of the second specification, upon the ground that it was known to all the parties concerned that no money was actually in the possession of the respondent when he gave the receipt stating that he held the $350 in escrow.

The matter now comes before this court upon motion of the petitioner to confirm the report of the referee.

It is unnecessary to set forth the facts and circumstances out of which the charges arose, since the charges stand practically admitted upon the record.

The only issue involved is in respect to the charge of false representation in the first escrow agreement. The respondent contends that it was known to both sides that the respective sums were not in the possession of the respondent. As already noted, the learned referee has found that the allegation with respect to the sum of $350, the subject of the first part of the second specification of misconduct, was known by all parties to be untrue and that the receipt was given in the form it was to facilitate a settlement of the dispute between the parties and to induce the acceptance of the settlement upon the promise of the respondent to see that the terms of the escrow agreement were duly carried out. This finding of the referee is in accordance with the evidence.

Upon the issue whether the attorney for the plaintiff knew that the respondent did not have the $500 in his possession when the respondent signed the escrow agreement so reciting, it is impossible to say where the truth lies. The learned referee has written a most conscientious and careful opinion.

The finding of the referee that the respondent was guilty of false representation under the first specification would seem to be, however, upon this record, against the weight of the evidence and, therefore, must be set aside. Certain it is that in so close an issue this court would hesitate to base punishment on this issue. In any event, however, it stands admitted that the respondent signed a statement which was not in accordance with the facts and was false upon its face. We are giving the respondent the benefit of the doubt and holding that such written statement did not constitute a false representation to the other side, since the other side had knowledge that the representation was not in fact true. The explanation of the respondent for the giving of the receipt containing an admittedly false statement that the $500 was

on deposit with the respondent is that the attorney for the plaintiff in the action for divorce was unwilling to accept the statement of the respondent that the client of the latter would pay when due the $500, for which it was agreed to settle the question of alimony upon entry of the final decree. The respondent thereupon, in order to facilitate the settlement, offered to guarantee the payment of this amount. It was finally agreed between the respondent and the attorney for the plaintiff that this guaranty should take the form of a statement, false in fact, that the sum was held by the respondent in escrow. The respondent, therefore, contends that there was no intention to deceive, or actual deception, in the giving of the escrow receipt.

The documentary evidence would seem to sustain the respondent's version of the matter.

In a letter written to the attorney for the plaintiff inclosing $100 on account of counsel fees, he states: " I will further guarantee the payment of the sum of $500 when the papers are served by giving you a receipt showing that I hold in escrow the sum of $500 which shall be turned over to the plaintiff in the action after the entry of the final decree, and the sum of $500 shall be in lieu of any and all alimony and dower rights, proper stipulations to be drawn and executed by all the parties interested."

Mr. Cohen, of counsel for the plaintiff in the divorce action, also corroborated the respondent, in his testimony of a conversation with him, preceding the escrow receipt, in which he said to the respondent: " If you don't get the $500, make a provision with me in case we do not get the $500, that we will be able to get from him the agreed $10 alimony from the contemplated date of making the motion, or agreed date, which was January 27, 1929, and from that time we will get the $10 a week permanent alimony if we do not get the $500 from Mr. Schwartz."

That it was the understanding of the parties that the respondent had not the $500 in his possession, but expected to receive it from his client, is shown by the testimony of the aforesaid Cohen, as follows: " Q. Your understanding was this, that Mr. Gottlieb would try to get the $500? A. Yes. Q. And even though he would say he had the $500 in escrow you would understand that it was a guarantee on his part? A. Yes, that he might have it. Q. And that a provision be inserted in the stipulation for the payment of the alimony in the event Mr. Gottlieb did not succeed in getting that $500 for his client? A. That is right. Q. And wasn't it in pursuance of that understanding on your part that on February 20, 1929, you wrote respondent's Exhibit C to Mr. Gottlieb? A. Yes."

Additional corroboration is found in Exhibit C, a letter written by plaintiff's attorney to the respondent, accompanying the stipulation, and reading in part as follows: " The arrangement as outlined in the stipulation should amply satisfy you inasmuch as the alimony will be fully extinguished on the payment of the escrow money, and if for any reason your client withdraws and fails to pay the said $500 to our client, then she will be protected in that she may enforce the payment of alimony." So, also, in a letter written by the respondent .to the attorney for the plaintiff in connection with a dispute arising out of the failure to obtain payment of a check given by the client of the respondent in payment of counsel fee, he said: " Due to the fact that I want to be of service to Mr. Schwartz, the defendant in this case, I have personally made myself liable to the extent of $500."

There having been thus no intentionally false representation by the respondent, there remains for consideration the acts of the respondent in signing a statement false in fact for the purpose of facilitating a settlement between the parties, and also the conduct of respondent in setting forth in duly verified answers the false statements contained in the escrow agreement.

The excuse of the respondent for pleading in the answers the false statement contained in the escrow agreement is that he felt estopped by the escrow receipt from stating to the contrary in the pleadings and that in any event he amended his own pleading so as to set forth the true facts.

We are thus brought to a consideration of the proper punishment to be given to an attorney who deliberately signed two escrow agreements which falsely recited that he had received from his clients certain sums of money for the purpose of paying the same over, when the signer of the escrow agreements merely intended by this means to facilitate settlements, and the facts were known to both sides. Added to this is the verification by the respondent, when sued, of an answer which sets forth this same statement false in fact.

Giving weight to the plea of the respondent that he swore to an answer which he knew to be false in fact for the reason that he was of the opinion that he was legally estopped to deny the false statements contained in the escrow agreement, the respondent should be suspended from the practice of law for two years, with leave to apply for reinstatement at the expiration of that time upon proof of his compliance with the conditions incorporated in the order.

MERRELL, MCAVOY, MARTIN and TOWNLEY, JJ., concur.

Respondent suspended for two years.